**In re: CESSNA 208 SERIES AIRCRAFT PRODUCTS LIABILITY LITIGATION.**

**Richard J. Friedman, Jr., etc.**

v.

**Castle Aviation, et al., S.D. Ohio, C.A. No. 2:09–749.**

**MDL No. 1721.**

United States Judicial Panel on Multidistrict Litigation.

Dec. 7, 2009.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL *, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., and DAVID G. TRAGER, Judges of the Panel.

## ORDER VACATING CONDITIONAL TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \*:** Plaintiff in an action pending in the Southern District of Ohio (*Friedman*), joined by plaintiffs already in MDL No. 1721, move, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001), to vacate our order conditionally transferring the action to the District of Kansas for inclusion in the MDL. Responding defendant Cessna Aircraft Co. (Cessna) opposes the motion to vacate. After considering all argument of counsel and the current status of the MDL, we will grant the motion to vacate.

*Friedman* unquestionably shares factual issues with actions already centralized in the District of Kansas for inclusion in MDL No. 1721. Previously, we have consistently transferred such tag-along cases to the District of Kansas for inclusion in the MDL. However, we created this MDL and centralized the then pending cases in late 2005. Since that time, the transferee judge, the Honorable Kathryn H. Vratil, has assiduously pursued the basic objectives of multidistrict litigation, and the record demonstrates that those objectives have almost entirely been met. As Judge Vratil recently stated, "pretrial proceedings as to common issues [in already-centralized actions arising from six air disasters] are nearly complete." *See* Nov. 4, 2009, Order to Show Cause at 1 (docket no. 925). All common discovery is completed and the judge has issued many substantive rulings that will help shape the litigation of individual cases which remains.[1] Through this process, she has saved the transferor courts and the parties untold hours of work.

---

\* Judge Vratil took no part in the disposition of this matter.

1. The multiple complex motions that Judge Vratil has decided include, for example, plaintiffs' motion for summary judgment on the issue of airworthiness and defendant Cessna's motion to dismiss plaintiffs' fraud and punitive damages claim, not to mention a bevy of evidentiary motions.

When a transferee judge has accomplished essentially all of the primary objectives of centralization under 28 U.S.C. § 1407 and the advantages of transferring a particular tag-along no longer clearly outweigh the disadvantages, then this Panel promotes the interests of efficiency and justice by ending the automatic transfer of such cases. Our review of the record indicates that we have reached such a point in the life of this MDL.

Given these circumstances, we conclude that transfer of *Friedman* to the MDL would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. *See* 28 U.S.C. § 1407(a). Even without transfer to the District of Kansas, the *Friedman* parties can avail themselves of the thousands of documents produced and multiple depositions taken in the MDL. The Southern District of Ohio court can find useful guidance in the many evidentiary and other rulings that Judge Vratil has issued.

IT IS THEREFORE ORDERED that the Panel's conditional transfer order designated as "CTO–12" is vacated.